Filed: October 17, 2017

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

BRIEFING ORDER
CRIMINAL/GRAND JURY CROSS APPEAL

_____

No. 17-4519 (L), <u>US v. Michael Franco</u>
5:14-cr-00011-MFU-6

Michael Bryan Franco, a/k/a Mike Franco shall be considered the appellant for the purposes of this briefing schedule. Briefing shall proceed on the following schedule:

Appendix due: 11/21/2017

Opening brief due: 11/21/2017

Opening/response brief due: 12/12/2017

Response/reply brief due: 01/02/2018

Reply brief permitted within 10 days of service of response brief.

Effective October 1, 2015, the court requires only one paper copy of briefs and appendices unless the case is to be argued, in which event four paper copies are required. (Local Rules 30(b)(4) & 31(d)). The notice tentatively assigning a case for argument requires counsel to file three additional paper copies of their previously filed briefs and appendices.

The briefs and appendix must conform to the [Fourth Circuit Brief & Appendix Requirements](https://www.ca4.uscourts.gov) (available as a link from this order and at [www.ca4.uscourts.gov](https://www.ca4.uscourts.gov)). All parties to a side must join in a single brief, even in consolidated cases, unless the court has granted a motion for leave to file separate briefs pursuant to Local Rules 28(a) and 28(d).

Failure to file an opening brief within the scheduled time may lead to imposition of sanctions against court-appointed counsel or dismissal of the case pursuant to Local Rule 45 for failure to prosecute; failure to file a response brief will result in loss of the right to be heard at oral argument. The court discourages motions for extension of time and grants extensions of the briefing schedule only in extraordinary circumstances upon a showing of good cause. Local Rule 31(c). If a brief is filed after its due date, the time for filing subsequent briefs will be extended by the number of days the brief was late.

Pursuant to Local Rule 34(a), the court may, on its own initiative and without prior notice, screen an appeal for decision on the parties' briefs without oral argument. If a case is selected for the oral argument calendar, counsel will receive notice that the case has been tentatively calendared for a specific court session approximately two months in advance of the session.

<u>Anders</u> Procedures: If defendant's counsel finds no appealable issue and therefore intends to file a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), the following procedures apply:

    (1) If the <u>Anders</u> brief is being filed in a consolidated case in which co-defendants are not proceeding under <u>Anders</u>, counsel must prepare a separate opening brief and move to deconsolidate the <u>Anders</u> appeal.
    (2) An <u>Anders</u> brief that simply states there are no appealable issues is insufficient--rather, counsel's opening brief must identify any arguable issues with appropriate record citations and state, in a brief discussion with case citation, why such issues lack merit.
    (3) Because counsel must review the entire record in an <u>Anders</u> appeal, counsel must order all transcript in the case, including pre-trial, trial, guilty plea, and sentencing proceedings. It is not necessary to order arraignments, bail hearings, voir dire, or opening and closing arguments unless those portions of the record might support an arguable issue on appeal. Since the court must review the entire record, an appendix is unnecessary, and copying expenses for an <u>Anders</u> appendix are not recoverable under the Criminal Justice Act unless the court has directed the filing of an appendix. The costs for providing transcripts to the defendant are reimbursable.
    (4) Counsel must file a **certificate of service of Anders brief** on defendant, stating that the defendant has been provided with a copy of the <u>Anders</u> brief and advised of his right to file a supplemental pro se brief within 30 days. If the defendant is not English-speaking, the certificate must also state that the substance of the <u>Anders</u> brief and the right to file a supplemental pro se brief have been communicated to the defendant in a language the defendant understands. CJA

counsel must obtain court authorization based upon the estimated costs of necessary interpreter or translator services before securing such services under the Criminal Justice Act.

The Anders procedures do **not** apply to hybrid briefs in which counsel raises meritorious issues as well as Anders issues, and counsel filing a hybrid brief should **not** advise his client that he has a right to file a pro se supplemental brief.

/s/ PATRICIA S. CONNOR, CLERK
By: Cyndi Halupa, Deputy Clerk